# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2376-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

D.L.M.,

    Defendant-Appellant.

_____

Submitted September 29, 2022 – Decided October 7, 2022

Before Judges Vernoia and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 04-05-0483.

D.L.M., appellant pro se.

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Jennifer Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant D.L.M. appeals from the Law Division's March 22, 2021 order denying his second petition for post-conviction relief (PCR). In that order, the PCR court concluded defendant's petition was untimely under Rule 3:22-4(b), and procedurally deficient under Rule 3:22-5. We affirm.

I.

On direct appeal, we affirmed defendant's January 18, 2007 conviction and aggregate sixty-year sentence for three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); six counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); three counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); and one count of a lesser included offense of offensive touching, N.J.S.A. 2C:33-4(b). State v. D.M., No. A-1050-07 (App. Div. July 21, 2010) (slip op. at 1-2, 6). The Supreme Court denied defendant's petition for certification. State v. D.M., 204 N.J. 41 (2010).

In January 2011, defendant filed a timely first petition seeking PCR. In his application, he alleged, among other things, that his standby trial counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984),[1] because he failed to subpoena a physician identified only as Dr.

_____

[1] To establish ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland, 466 U.S. at 687, by

Sheenan. At oral argument on that petition, defendant also asserted his standby counsel was ineffective because he failed to obtain DNA evidence from the victim.

In a June 22, 2012 order, the court denied defendant's petition, finding his claims lacked merit and could have been raised on direct appeal. Among other reasons, the court explained that defendant failed to articulate any reason counsel should have subpoenaed Dr. Sheenan, and thus failed to demonstrate how he was prejudiced by counsel's failure to do so.

In a second unpublished opinion, we affirmed the court's denial of defendant's petition, holding that since "no DNA evidence was ever recovered from the victim," counsel "was not ineffective for failing to obtain discovery regarding evidence that did not exist." State v. D.L.M., No. A-0831-12 (App. Div. May 5, 2015) (slip op. at 2, 9, 12). Further, we agreed with the court's finding that "defendant ha[d] failed to articulate any reason standby counsel should have subpoenaed [Dr. Sheenan] and he ha[d] failed to demonstrate that he was prejudiced by standby counsel's failure to do so." Id. at 5. The Supreme

---

demonstrating that: 1) counsel's performance was deficient, and 2) the deficient performance actually prejudiced the accused's defense. The Strickland test has been adopted for application under our State constitution in New Jersey. See State v. Fritz, 105 N.J. 42, 58 (1987).

Court later denied defendant's petition for certification. State v. D.L.M., 227 N.J. 237 (2016).

In March 2017, defendant filed a motion pursuant to N.J.S.A. 2A:84A-32a for post-conviction DNA testing. He requested that vaginal swabs obtained from the victim be tested for the presence of his DNA. He also repeated his assertion that standby counsel should have subpoenaed Dr. Sheenan.

Defendant claimed the subpoena was necessary to determine if Dr. Sheenan took vaginal cultures or swabs from the victim. He provided the court with handwritten notes, purportedly written by Dr. Sheenan, but those notes failed to mention any vaginal cultures or swabs. He also provided the court with a medical report which confirmed that in 2002 a second doctor obtained vaginal swabs from the victim to test for sexually transmitted diseases. The trial court denied the motion without a hearing.

In a third unpublished opinion, we affirmed. State v. D.L.M., No. A-3656-16 (App. Div. Oct. 23, 2018) (slip op. at 2). We concluded the court correctly denied the motion without a hearing because defendant failed to show that his identity was a significant issue in the case and that the evidence he sought was available for testing. Id. at 3.

We explained that at trial the victim positively identified defendant as the perpetrator and testified in detail about the abuse.  Ibid.  Further, we determined the court correctly found that Rule 3:22-5 barred defendant from re-litigating his related claim of ineffective assistance of counsel with respect to, among other issues, counsel's failure to have subpoenaed Dr. Sheenan because in the prior PCR proceeding, defendant had raised those claims and they had been rejected by the court.  Ibid.  The Supreme Court denied defendant's petition for certification from that opinion.  State v. D.L.M., 238 N.J. 424 (2019).

Defendant filed another PCR petition on or about March 1, 2020,[2] eight years after the court denied his first petition in June 2012.  In his application, defendant argued that his "first PCR counsel failed to glean from the record that the prosecutor violated. . . Rules of Professional Conduct 3.3(A)(5)(2) . . . when it misrepresented the fact that it did not know who Dr. Sheenan was."  This argument apparently stems from a statement made by the prosecutor at the 2012 oral argument that the "State doesn't even know who Dr. Shee[n]an is . . . ."  Defendant argues that assertion was "disingenuous at best," because Dr. Sheenan was identified on the State's witness list.  He claims his PCR counsel's failure to

---

[2] The record before us contains a signed but unfiled copy of defendant's petition dated January 20, 2020.  In his merits brief, defendant contends he filed his petition nearly three months later on or about March 1, 2020.

correct the prosecutor's statement rendered his assistance ineffective. Defendant also claimed again that his standby counsel at trial was ineffective because he failed to "secure" Dr. Sheenan's testimony and was therefore deprived of a "significant opportunity to investigate potential defenses."

As noted, on March 22, 2021, the court issued an order which denied defendant's second petition. In that order, the court first noted that Rule 3:22-4(b) requires that a second or subsequent PCR petition be filed in a timely manner in accordance with Rule 3:22-12(a)(2), and defendant's petition was deficient because it was not timely under those rules.

The court also explained that Rule 3:22-5 prohibited the court from addressing the merits of any claim previously adjudicated, including any argument "whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." Applying that Rule, the court determined that defendant's claim that his first PCR counsel was "ineffective for failing to subpoena Dr. Sheenan" was an issue we had previously adjudicated in our May 5, 2015 and October 23, 2018 decisions. This appeal followed.

Before us, defendant contends:

THE PCR COURT ERRED IN APPLYING A PROCEDURAL BAR AS APPELLANT'S CLAIM HAS SUBSTANTIAL MERIT, WHICH HAD NOT BEEN PREVIOUSLY ADJUDICATED ON THE MERITS AND WHERE IMPOSITION OF ANY PROCEDURAL BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

He further argues in his reply submission that:

THIS MATTER SHOULD BE REMANDED FOR THE LIMITED PURPOSE OF PERMITTING DEFENDANT THE OPPORTUNITY TO OBTAIN A CERTIFICATION OR STATEMENT FROM DR. SHEENAN.

Defendant specifically claims the court erred in concluding his petition was untimely because he did not discover that the prosecution's statement at the 2012 oral argument was false until he received the State's witness list in his related federal habeas corpus filing.[3] He maintains he filed the March 2020 petition within a year of that discovery and thus, his petition was timely filed under Rule 3:22-12(a)(2). Defendant further contends the State's "false representation" regarding Dr. Sheenan denied "his right to a fair hearing and result[ed] in a fundamental injustice." He also argues the court erroneously

---

[3] Defendant filed a habeas petition in the district court, which was denied in 2019. McGee v. Johnson, No. 17-2746, 2019 WL 5617562, at *15 (D.N.J. Oct. 31, 2019). Following that denial, defendant filed a request for a certificate of appealability in the Third Circuit, which was denied in 2020. McGee v. Adm'r N.J. State Prison, No. 19-3724, 2020 WL 2730903, at *1 (3d Cir. May 22, 2020).

relied on Rule 3:22-5 in denying his petition because his current ineffective assistance of counsel claim is distinct from our prior adjudications in which we determined his counsel was not constitutionally deficient for failing to subpoena or call Dr. Sheenan as a witness.

## II.

"As the [second] PCR court did not hold an evidentiary hearing on the claim[s] defendant now raises on appeal, we 'conduct a de novo review.'" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). Applying that standard, we are unpersuaded by defendant's arguments, and we affirm substantially for the written reasons provided by the court in its order. We find defendant's contentions challenging the court's determination to be without sufficient merit to warrant discussion in a written decision. R. 2:11-3(e)(2). We add the following to amplify the reasons for our decision.

Rule 3:22-4(b)(1) requires dismissal of a second PCR petition if untimely under Rule 3:22-12(a)(2). Specifically, under Rule 3:22-4(b):

> [a] second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under [Rule] 3:22-12(a)(2); and
> (2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Under Rule 3:22-12(a)(2), a second or subsequent petition for PCR must be filed within one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on

9

the first or subsequent application for post-conviction relief is being alleged.

A 2009 amendment to Rule 3:22-12 makes clear the one-year limitation for second or subsequent PCR petitions is non-relaxable. See R. 3:22-12(b); Jackson, 454 N.J. Super. at 292–94; see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

Application of these rules establishes that the PCR court correctly dismissed defendant's March 2020 PCR petition as untimely, or otherwise deficient. Indeed, as noted, defendant's first PCR petition was denied in a June 22, 2012 order. R. 3:22-12(a)(2)(C). According to defendant, he filed his most recent petition challenging the performance of his PCR and standby trial counsel over eight years later.

Nor do any of the other exceptions detailed in Rule 3:22-12(a)(2)(A)-(B) apply. First, defendant's petition does not assert or concern a newly recognized constitutional right by either the Supreme Court or the New Jersey Supreme Court. R. 3:22-12(a)(2)(A). His petition is also barred because the record does not support any claim that the factual predicate for any relief could not have been discovered through the exercise of due diligence. R. 3:22-12(a)(2)(B).

Defendant's current petition is also barred under Rule 3:22-5. "In

assessing whether there has been a 'prior adjudication on the merits,'" for purposes of triggering this procedural bar, "the challenged claim should be compared with the prior claim to determine if the two claims 'are either identical or substantially equivalent.'" State v. Marshall, 173 N.J. 343, 351 (2002). "If the claims are substantially the same, the petition is procedurally barred." Ibid.

As noted, defendant argued that standby counsel at trial was ineffective because he failed to "secure" Dr. Sheenan's testimony, thereby depriving him of the opportunity to "investigate potential defenses." That claim is "substantially equivalent" to the issue we decided in our May 5, 2015 and October 23, 2018 opinions when we concluded defendant's counsel was not ineffective for failing to subpoena Dr. Sheenan.

Further, defendant's claim that the court mischaracterized his current argument when it stated he contended "his first PCR counsel was ineffective for failing to subpoena Dr. Sheenan" is inconsequential as we review orders, not opinions. See El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 169 (App. Div. 2005). In any event, his untimely claim that his PCR counsel was ineffective for not correcting the prosecutor's misstatement regarding Dr. Sheenan is factually and legally meritless under the two-part Strickland test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2376-20